Battle, J.
 

 This was a proceeding by an original attachment, before Manly, Judge, ata Special Term, July, 1859, of Pitt Superior Court, in which the defendant was summonsed as a garnishee, and in his garnishment stated that in part payment for a rockaway, ■which he had purchased from the absconding debtor, he was to “ furnish a set of artificial teeth” for his wife, and that ho had always been, and was then ready so to do. Upon this, the plaintiff moved the Court to have a jury empannellcd to assess the value of the artificial teeth, as being specific articles, within the meaning of tho Rev. Code, ch. 7, sec. 11. This motion was refused, and the plaintiff thereupon moved for a judgment against the defendant, as garnishee, which being also refused, he appealed. Tho 11th section of the attachment law above referred to, is in the following words: “When a garnishee shall, on oath confess that he has in his hands any property of the defendant of a specific nature, or is indebted to such defendant by any security or assumption for the delivery of any specific article, (except as is hereinafter excepted,) then the Court shall immediately order a jury to he impannelled aud sworn, to enquire of the value of such specific property, and the verdict of the jury shall subject such garnishee to the payment of the valnation, or so much thereof as shall he sufficient to satisfy the debt or damages and .cost of the plaintiff:
 
 Provided,
 
 that if
 
 *83
 
 ■such garnishee shall also state in his answer, that such, specific property was left or deposited in his possession by the defendant as a bailment, or that he has tendered such specific articles agreeable to, contract, and that they were refused by the defendant, and that he then was, and always had been,' ■ready to deliver the same; or that he had such specific articles at the time and place specified in the. covenant, or agreement, ready to be delivered, and is still ready to deliver the same; and ■such statement shall be admitted by the plaintiff, or found by the jury, then, and in such case, the garnishee shall be exonerated by the delivery of such specific articles to the sheriff, who shall proceed as if the attachment had been originally levied on the property.” The question which is raised upon the defendant’s garnishment, considered with reference to the provisions of this section is, whether the artificial teeth, which the defendant contracted to furnish for the debtor’s wife, are liable to be 'levied upon and sold under execution for her husband’s debts. We say this is the question; because it is manifest, from the
 
 proviso
 
 to the section, that the garnishee would be at liberty to deliver the artificial 'teeth to the sheriff in discharge of his contract, if they are specific articles within the intent of the statute, and the sheriff is expressly directed to proceed with them as if the attachment had been originally levied on them. Can, then, such articles intended for a wife, be seized and sold under execution for her husband’s debts? We answer unhesitatingly no! It might justas well be contended that a cork leg, or a bottle of medicine — cod-liver oil, for instance, provided by a husband for his wife, could be levied upon and sold under similar circumstances. Such articles must be considered in the same light as the necessary apparel of the wife, of which the creditor of the husband has bo right t© deprive her.
 

 There is another view in which, as it seems to us, the garnishee cannot be made liable in this proceeding. The main part- -of the consideration of Ms engagement to furnish the artificial teeth is his science and skill as a surgeon dentist in preparing the mouth for the operation, and fitting the teeth
 
 *84
 
 to the gums. The articles are to be prepared for a particular mouth, and may
 
 not
 
 fit any other, and may not, therefore, be of any appreciable value. Such a case was never contemplated by the Legislature, and does not come within the meaning and intent of the act. His Honor, in the Court below, was right in refusing the plaintiff’s motion, and his judgment must be affirmed.
 

 Pur Curiam,
 

 Judgment affirmed.